IN THE DISTRICT COURT OF THE UNITED STATES RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| MARK FREDERICK | ) | 2007 JUN 28 P 4: 17 |
| | ) | |
| PLAINTIFF | ) | DEBRA P. HACKETT, CLK |
| | ) | U.S. DISTRICT COURT |
| VS. | ) | MIDDLE DISTRICT ALA |
| | ) | CASE NO. CV-07-788 |
| CITY OF MONTGOMERY, MAYOR | ) | |
| BOBBY BRIGHT, DORY BRUNSON, | ) | 2:07 cv 602 -WHA |
| TIM HEAD, and PHILLIP JOHNSON, | ) | |
| Individually and in official capacity | ) | |
| | ) | |
| DEFENDANT. | ) | |

## NOTICE OF REMOVAL OF CIVIL ACTION

To the Honorable Judges of the United States District Court for the Middle District of Alabama, Northern Division:

**COME NOW** Defendants, City of Montgomery, Mayor Bobby Bright, Dory Brunson, Tim Head and Phillip Johnson and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, and hereby gives notice of the removal of the above-captioned civil action styled  Mark Fredrick v. The City of Montgomery, Mayor Bobby Bright, Dory Brunson, Tim Head and Phillip Johnson individually, and in official capacity, Civil Action No.: CV-07-788, from the Circuit Court from Montgomery County, Alabama, where it is now pending, to the United States District Court for the Middle District  of Alabama, Northern Division.  As grounds for this removal, Defendants show unto the Court and alleges as follows:

1.      Defendant City of Montgomery is a municipal corporation in  Montgomery County, Alabama.  Individual Defendants, Bobby Bright, Dory Brunson, Tim Head and Phillip Johnson are over the age of nineteen (19) years and are employees of City of Montgomery and

are sued in their individual and official capacities.

2.      The Plaintiff, Mark Fredrick is over the age of majority and a resident citizen of the State of Alabama.

3.      This action styled <u>Mark Fredrick v. The City of Montgomery, Mayor Bobby Bright, Dory Brunson, Tim Head and Phillip Johnson individually, and in official capacity,</u> Civil Action No.: CV-07-788, was filed in the Circuit Court from Montgomery County, Alabama as Civil Action No. CV-07-788.

4.      This action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, 28 U.S.C. §1343, and may be removed by Defendants pursuant to 28 U.S.C. §1441(b) and 28 U.S.C. §1443.  Defendants remove this action pursuant to 28 U.S.C. §1441, 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. 1367 and 28 U.S.C. §1443.

5.      In the Complaint filed in the Circuit Court of Montgomery County, Alabama on May 15, 2007 and served on Defendants on May 29, 2007, Plaintiff asserted that the Defendants negligently trespassed onto the Plaintiff's property causing damage; exercised control with was unlawful, without proper notice and authority in and of that the Defendants were operating under an ordinance not duly adopted, application of standards applicable to new structures and not existing structures, and denying the Plaintiff the right of appeal and knowing that the Plaintiff was entitled to an appeal did not inform the same of that fact, depriving Plaintiff of his real property causing damages; their negligence caused the plaintiff stress, and anxiety by their unlawful acts and conduct which was without proper notice which was without proper notice and authority in and of that the Defendants were operating under an ordinance not duly adopted, application of standards applicable to new structures and not existing structures, and denying the Plaintiff the right of appeal, knowing that the Plaintiff was entitled to an appeal did not inform

the same of that fact causing the Plaintiff damages; That their negligence caused the Plaintiff property to be demolished when the City of Montgomery employees or agents breached their duty and demolished Plaintiff's property because of their unfamiliarity with the process, laws, proper training, lack of competence in their area of authority, proceeded unlawfully, without proper notice and authority in and of that the Defendants were operating under an ordinance not duly adopted, application of standards applicable to new structures and not existing structures, denied the Plaintiff his right to appeal and knew that the Plaintiff was entitled to an appeal did not inform the same of that fact and causing damages; That the Defendants knew that the Plaintiff was in the process of rehabilitating his property and was taking proposed bids from contractors and conspired with on another to demolish the same before repairs could be done depriving the same of his civil rights and property; that defendants under the color of law mad applicable new structure standards to the Plaintiff's property, while other standards were applicable to existing structures, knowing that those standards were not adopted and were without force applied the same to Plaintiff's real property in an effort to deny him his civil rights and to deprive the same of his property.

6.    This notice of removal is timely filed with this Court within the thirty (30) day limitations set forth in 28 U.S.C. §1446(b).  This action became removable on May 29, 2007, which is the date Defendants were served with the copy of Plaintiff's Complaint.  This Court has supplemental jurisdiction over all other claims of the Plaintiff pursuant to 28 U.S.C. §1367.

7.    This Notice of Removal is filed in this district and division pursuant to 28 U.S.C. §1446(a) and 28 U.S.C. §1443 as the court for the United States for the district and division within which such action is pending.  Venue is proper pursuant to 28 U.S.C. §1391(b).

8.    A copy of the Summons and Complaint served upon Defendant in said action and

contained in the file of the Circuit Court of Montgomery County, Alabama, in said action is attached hereto as Exhibit "A" and made a part hereof in accordance with 28 U.S.C. §1446(a).

9.    In accordance with 28 U.S.C. §1446(d), a true and correct copy of this notice of removal is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama, and written notice thereof has been given to all adverse parties.  A copy of the notice of filing of notice of removal is attached hereto as Exhibit "B".

10.    Pursuant to 28 U.S.C. §1446(b), a true and correct copy of this notice of removal is being filed with the Circuit Court of Montgomery County, Alabama.

11.    By filing this notice of removal, this Defendant does not waive any defense that may be available to the Defendant.

WHEREFORE, Defendants file this notice of removal so as to effect the removal of this action from the Circuit Court of Montgomery County, Alabama, to this court.  Defendants pray this Honorable Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause so that all proceedings that may have been had in said Circuit Court are removed to this Court.  Defendants further pray that the removal of this cause to this court should be effected and that no further or other proceedings shall be had with respect to this cause in the Circuit Court of Montgomery County, Alabama.

Respectfully submitted this the _27_ day of June, 2007.

Michael D. Boyle (ASB-1585-E68B)

**OF COUNSEL:**
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama  36101-1111
(334) 241-2050
(334) 241-2310 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing to the attorneys listed below by hand delivery or by placing a copy of same in the United States Mail, postage prepaid, this _27_ day of June, 2007:

Norman Hurst, Jr.
462-A Sayre Street
Montgomery, Alabama  36104

_____
Of Counsel

# Exhibit A

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

MARK FREDERICK                          *
    Plaintiff,                       *
                                     *
v.                                      *
                                     * Case Number: _CV-07- 788_
THE CITY OF MONTGOMERY, MAYOR*
BOBBY BRIGHT, DORY BRUNSON,             *
TIM HEAD,and PHILIP JOHNSON,            *
individually, and in official capacity  *
    Defendant.                       *

COMPLAINT

    Plaintiff, Mark Frederick files this complaint asserting various causes of actions and for damages pursuant to 28 U.S.C. § 1331 et.seq.  In support of this complaint, plaintiff would show the court the following:

## I. PARTIES

1. That Plaintiff, Mark Frederick, is a resident of Rancho Sante Fe, California and is over the age of 19.

2. That Defendant, City of Montgomery, is a municipal corporation duly organized under the laws of the State of Alabama.

3. That Defendant, Bobby Bright, is Mayor of the City of Montgomery and is its chief executive officer and is sued in his official and individual capacity.

4. That Defendant, Dory Brunson, is an employee of the City of Montgomery and is employed as the Director of Inspections and is sued in his official and individual capacity.

5. That Defendant, Phil Johnson, is an employee of the City of Montgomery and is employed as the Housing Code Inspector and is sued in his official and individual capacity .

6. That Defendant, Tim Head is a council person for the City of Montgomery and is an elected official and is sued in his official and individual capacity.

## II. FACTS

7. That the Plaintiff, Mark Frederick, a resident of California on or about three years ago purchased Jasmine Gardens Apartments located in the City of Montgomery.

8. That prior to purchase from a resident of Montgomery County, Alabama said real property had no known violations.

9. That on or about April 1, 2005 the Plaintiff flew to Montgomery, Alabama in order to meet with the city officials in order to resolve any alleged problems with the real property.

10. That Plaintiff prior to this meeting had attempted to rectify these perceived problems but without success including requesting "Neighborhood Watch," signs and efficient police response.

11. That on or about April 1, 2005 after being encouraged by the city head building inspector, Plaintiff started a 90 day process of rehabilitating, getting contractor bids, getting architectural drawings, vacating tenants, fencing and other numerous improvement activities.

12. That on or about May 2005 Plaintiff received bids from multiple contractors and one of those contractors went to the city's building department to discuss code requirements.

13. That on or about May 6, 2005 the City of Montgomery through its agent Dory Brunson, sent a letter to the Plaintiff addressing alleged code violations and estimating the cost of repair at $1,500,000 and $2,500,000.

14. That on or about May 9, 2005 the City of Montgomery through its agent Philip Johnson, sent a letter to the Plaintiff stating that all repairs must be completed within 60 days from the date of that letter.

15. That on or about May 23, 2005 the City of Montgomery through its agent Michael W. Pirtle,

sent a letter to the Plaintiff alleging other violations with the real property namely weeds and junk.

16. That on or about July 11, 2005 the City of Montgomery through its agent Philip Johnson, sent a letter to the Plaintiff notifying the same that his building was declared unsafe and deemed a public nuisance.

17. That on or about August 8, 2005 the City of Montgomery through its agent Philip Johnson, sent a letter to the Plaintiff notifying the same that his building was declared unsafe and deemed a public nuisance.

18. That on or about August 22, 2005 the City of Montgomery sent a letter to the Plaintiff notifying him that a resolution was being sent to the City Council for the cost of abating the nuisance on the property described.

19. That after the above date the Defendants demolished Plaintiff's real property at a value over $2,000,000.

### III. JURISDICTION

20. This Court has jurisdiction of this action pursuant to 42 U.S.C.§ 1985 &1983, 28 U.S.C. § 1331 and diversity.

### COUNT I

21. That the Plaintiff's repeats, realleges, and incorporates by reference the proceeding paragraphs.

22. That the Defendants negligently trespassed onto the Plaintiff's property causing the same damages.

23. That their negligence caused a trespass which was unlawful, without proper notice and authority in and of that the Defendants' were operating under an ordinance not duly adopted, application of standards applicable to new structures and not existing structures, and denying the Plaintiff the right of appeal and knowing that the Plaintiff was entitled to an appeal did not inform the same of that fact.

24. That the defendants' negligently entered upon the property of the Plaintiff without authorization or notification of entry for the sole purpose to deprive Plaintiff of his property and rights causing the same damage.

## COUNT II

25. That the Plaintiff's repeats, realleges, and incorporates by reference the proceeding paragraphs.

26. That the Defendants negligently caused the Plaintiff's real property to be converted into a use in consisted with the purpose for which Plaintiff purchased the same by demolishing said structure.

27. That their negligence caused the Defendants' to exercise control which was unlawful, without proper notice and authority in and of that the Defendants' were operating under an ordinance not duly adopted, application of standards applicable to new structures and not existing structures, and denying the Plaintiff the right of appeal and knowing that the Plaintiff was entitled to an appeal did not inform the same of that fact, depriving Plaintiff of his real property causing the same damages.

## COUNT III

28. That the Plaintiff's repeats, realleges, and incorporates by reference the proceeding paragraphs.

29. That the Defendants negligently caused the Plaintiff to suffer emotional distress by their actions that were not duly authorized and knew that the same would suffer emotional harm by their extreme and outrageous conduct.

30. That their negligence caused the plaintiff stress, and anxiety by their unlawful acts and conduct which was without proper notice and authority in and of that the Defendants' were operating under an ordinance not duly adopted, application of standards applicable to new structures and not existing structures, and denying the Plaintiff the right of appeal, knowing that the Plaintiff was entitled to an appeal did not inform the same of that fact causing the Plaintiff damages.

## COUNT IV

31. That the Plaintiff's repeats, realleges, and incorporates by reference the proceeding paragraphs.

32. That the Defendants were negligent and had a duty to provide skilled employees and knowledgeable employees.

33. That their negligence caused the Plaintiff property to be demolished when the City of Montgomery employees or agents breached their duty and demolished Plaintiff's property because of their unfamiliarity with the process, laws, proper training, lack of competence in their area of authority, proceeded unlawfully, without proper notice and authority in and of that the Defendants' were operating under an ordinance not duly adopted, application of standards applicable to new structures and not existing structures, denied the Plaintiff his right to appeal and knew that the Plaintiff was entitled to an appeal did not inform the same of that fact and causing the same damages.

<div align="center">COUNT V</div>

34. That the Plaintiff's repeats, realleges, and incorporates by reference the proceeding paragraphs.

35. That the Defendants Bobby Bright, Philip Johnson, Tony Dobbs and Tim Head conspired to deprive the Plaintiff the equal protection of the laws or of equal privileges and immunities under the law thereby violating his civil rights and causing the same damages.

36. That the Defendants Bobby Bright, Philip Johnson, Tony Dobbs and Tim Head knew that the Plaintiff was entitled to an appeal under the law but fail to notify the same in letters beginning from May, 2005 until present depriving the same of his civil rights.

37. That the Defendants Bobby Bright, Philip Johnson, Tony Dobbs and Tim Head knew that the time given for Plaintiff to repair structure was unreasonable considering the amount of work and conspired with one another to deprive Plaintiff of a reasonable time and misleading him into believing that he would be given an opportunity to repair his property depriving the same of his civil rights.

38. That the Defendants Bobby Bright, Philip Johnson, Tony Dobbs and Tim Head conspired with

one another and made applicable new structure standards to the Plaintiff's property, while other standards were applicable to existing structures, knowing those standards were not adopted and without force applied the same to Plaintiff's real property in an effort to deny him his civil rights and to deprive the same of his property.

39. That the Defendants Bobby Bright, Philip Johnson, Tony Dobbs and Tim Head knew that the Plaintiff was in the process of rehabilitating his property and was taking proposed bids from contractors and conspired with one another to demolish the same before repairs could be done depriving the same of his civil rights and property.

## COUNT VI

40. That the Plaintiff's repeats, realleges, and incorporates by reference the proceeding paragraphs.

41. That the Defendants Bobby Bright, Philip Johnson, Tony Dobbs and Tim Head under the color of state law deprived the Plaintiff the equal protection of the laws or of equal privileges and immunities under the law thereby violating his civil rights and causing the same damages by demolishing his property.

42. That the Defendants Bobby Bright, Philip Johnson, Tony Dobbs and Tim Head operating under the color of law knew that the Plaintiff was entitled to an appeal under the law but fail to notify the same in letters beginning from May, 2005 until present depriving the same of his civil rights.

43. That the Defendants Bobby Bright, Philip Johnson, Tony Dobbs and Tim Head operating under the force of the law knew that the time given Plaintiff to repair his structure was unreasonable considering the amount of work and deprived Plaintiff of a reasonable time and misleading him into believing that he would be given an opportunity to repair his property depriving the same of his civil rights.

44. That the Defendants Bobby Bright, Philip Johnson, Tony Dobbs and Tim Head under the color

of law made applicable new structure standards to the Plaintiff's property, while other standards were applicable to existing structures, knowing that those standards were not adopted and were without force applied the same to Plaintiff's real property in an effort to deny him his civil rights and to deprive the same of his property.

## COUNT VII

45. That the Plaintiff's repeats, realleges, and incorporates by reference the proceeding paragraphs.

46. That the Defendants took the property of the plaintiff without just compensation.

47 That the Plaintiff is entitled to the fair market value of his property and the Defendants have taken the same without compensation.

48. That the Plaintiff has suffered damages as a result of said taking.

WHEREFORE, plaintiff respectfully requests that the court grants the Plaintiff damages in the amount of $2,500,000.00 and any other relief at law or equity

Respectfully submitted this the _15th_ day of _May_, 2007.

Norman Hurst Jr. (HUR016)
Attorney for the Plaintiff
462 Sayre Street
Montgomery, Alabama 36104
(334) 269-6449

STATE OF ALABAMA
MONTGOMERY COUNTY
I, as Circuit Clerk, Montgomery County Circuit Court, do hereby certify that the within is a complete, true and correct copy of the Complaint
on file in said office.
Witness my hand and the seal of said Court is hereto affixed, this the __28__
day of _June._ _2007_

CIRCUIT CLERK



| State of Alabama Unified Judicial System | **SUMMONS** **-CIVIL-** | Case Number |
|---|---|---|
| Form C-34    Rev 6/88 | | CV-07-788 |

IN THE _CIRCUIT_ COURT OF _MONTGOMERY_ COUNTY

Plaintiff _MARK FREDERICK_ v. Defendant _MAYOR BOBBY BRIGHT_

DI

NOTICE TO _103 N PERRY STREET, MONTGOMERY, ALABAMA 36104_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _NORMAN HURST_ WHOSE ADDRESS IS _462 SAYRE STREET   MONTGOMERY, ALABAMA 36104_

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:

[✓] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _05/24/07_       _Melissa Pittman_ By: _K_
                       Clerk/Register

[ ] Certified Mail is hereby requested.    _____
                       Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____ . (Date)

[✓] I certify that I personally delivered a copy of the Summons and Complaint to _McCord_ _____ in _Montgomery_ _____ County, Alabama on _5-29-07_ .
                       (Date)

_5-29-07_                   _John Bramich_
Date                        Server's Signature
                            630

_____                     _____
Address of Server           Type of Process Server

                            17:12

| | SUMMONS -CIVIL- | Case Number CV-07-788 |
|---|---|---|
| State of Alabama Unified Judicial System | | |
| Form C-34      Rev 6/88 | | |

IN THE **CIRCUIT** COURT OF **MONTGOMERY** COUNTY

Plaintiff **MARK FREDERICK** v. Defendant **DORY BRUNSON D2**

NOTICE TO **103 N PERRY STREET, MONTGOMERY, ALABAMA 36104**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY **NORMAN HURST** WHOSE ADDRESS IS **462 SAYRE STREET    MONTGOMERY, ALABAMA 36104**

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30** DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:

[✓] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date **05/24/07**    _Melissa Rittenour_ By: **K**
                     Clerk/Register

[ ] Certified Mail is hereby requested.    _____
                                           Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____ (Date)

[✓] I certify that I personally delivered a copy of the Summons and Complaint to **Dory Bruns** in **Montgomery** County, Alabama on **5-29-07** (Date)

**5-29-07**
Date

**John Brannick**
Server's Signature    **630**

_____
Address of Server

_____
Type of Process Server

| State of Alabama<br>Unified Judicial System | **SUMMONS**<br>**-CIVIL-** | Case Number |
|---|---|---|
| Form C-34      **Rev 6/88** | | CV-07-788 |

IN THE _CIRCUIT_ COURT OF _MONTGOMERY_ COUNTY

Plaintiff _MARK FREDERICK_ v. Defendant _PHILIP JOHNSON_
_D4_

NOTICE TO _103 N PERRY STREET; MONTGOMERY, ALABAMA 36104_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _NORMAN HURST_ WHOSE ADDRESS IS _462 SAYRE STREET_
_MONTGOMERY, ALABAMA 36104_ .

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _____ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure,

Date _05/24/07_        _Melissa Pittman_ By: _K_
                        Clerk/Register

☐ Certified Mail is hereby requested.        _____
                                              Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____
                                                              (Date)

☑ I certify that I personally delivered a copy of the Summons and Complaint to _Philip Johnson_ in _Montgomery_ _____ County, Alabama on _5-24-07_ .
                                    (Date)

_5-24-07_                        _Glen Brasswell_
Date                              Server's Signature  _630_

_____                        _____
Address of Server                 Type of Process Server

_12 5/13_

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | **SUMMONS**<br>**-CIVIL-** | Case Number<br><br>Cv-07-788 |
|---|---|---|

IN THE <u>CIRCUIT</u>    COURT OF <u>MONTGOMERY</u>    COUNTY

Plaintiff <u>MARK FREDERICK</u> v. Defendant <u>TIM HEAD</u>
<u>D3</u>

NOTICE TO <u>103 N PERRY STREET, MONTGOMERY, ALABAMA 36104</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY <u>NORMAN HURST</u> WHOSE ADDRESS IS <u>462 SAYRE STREET</u>
<u>MONTGOMERY, ALABAMA 36104</u>

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN <u>30</u> DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[✓] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date ___05/24/07___    _Melissa Ri___ By: _X_
    Clerk/Register

[ ] Certified Mail is hereby requested.

    Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____.
                                                                    (Date)

[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County,
Alabama on _____.
            (Date)

_____    _____
Date                        Server's Signature

_____    _____
Address of Server           Type of Process Server

STATE OF ALABAMA
MONTGOMERY COUNTY

I, as Circuit Clerk, Montgomery County Circuit Court, do hereby certify that the within is a complete, true and correct copy of the Summons on file in said office.

Witness my hand and the seal of said Court is hereto affixed, this the 28 day of June, 2007

CIRCUIT CLERK

THIS WRIT RETURNED "NOT FOUND" IN MONTGOMERY COUNTY THIS DAY OF

FOR THE FOLLOWING REASON:

☐ MOVED
☐ NO SUCH ADDRESS
☐ INSUFFICIENT ADDRESS
☐ NEED WORK ADDRESS OR EMPLOYED
☐ RETURN TO COURT BY ORDER OR
☒ OTHER

D. T. MARSHALL SHERIFF
By

# Exhibit B

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| MARK FREDRICK | ) | |
| | ) | RECEIVED |
| PLAINTIFF, | ) | |
| | ) | 2001 JUN 28 P 4 17 |
| V. | ) | CASE NO: CV-07-788 DEBRA P. HACKETT, CLK |
| | ) | U.S. DISTRICT COURT |
| THE CITY OF MONTGOMERY, | ) | MIDDLE DISTRICT ALA |
| MAYOR BOBBY BRIGHT, DORY | ) | |
| BRUNSON, TIM HEAD, AND | ) | 2:07cv602- WHA |
| PHILLIP JOHNSON | ) | |
| Individually and in official capacity | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:    Melissa A. Rittenour
        Circuit Clerk
        251 S. Lawrence Street
        Montgomery, AL 36104

        Norman Hurst, Jr.
        462-A Sayre Street
        Montgomery, Alabama  36104

Please take notice that Defendants, City of Montgomery, Mayor Bobby Bright, Dory Brunson, Tim Head and Phillip Johnson sued individually and in their official capacities, have on this date filed a Notice of Removal, a true and correct copy of which is attached hereto, in the office of the clerk of the United States District Court for the Middle District of Alabama, Northern Division, at Montgomery, Alabama.

Respectfully submitted this the 27 day of June, 2007.

Michael D. Boyle (BOY032)

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2001 JUN 28  PM 3: 10

**OF COUNSEL:**
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama 36101-1111
(334) 241-2050
(334) 241-2310 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing to the attorney listed

below by hand delivery or by placing a copy of same in the United States Mail, postage prepaid, this

_2Y_ day of June, 2007:

Norman Hurst, Jr.
462-A Sayre Street
Montgomery, Alabama 36104

Of Counsel