## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **MARK FREDERICK** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| **VS.** | ) | **2:07-cv-00602-WHA-TFM** |
| | ) | |
| **CITY OF MONTGOMERY, MAYOR** | ) | |
| **BOBBY BRIGHT, DORY BRUNSON,** | ) | |
| **TIM HEAD, and PHILLIP JOHNSON,** | ) | |
| **Individually and in official capacity** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

### ANSWER OF CITY OF MONTGOMERY, MAYOR BOBBY BRIGHT,
### DORY BRUNSON, TIM HEAD AND PHILLIP JOHNSON

**COMES NOW** Defendants, City of Montgomery, Mayor Bobby Bright, Dory Brunson,

Tim Head and Phillip Johnson and in response to the complaint filed in the above styled action

hereby files their answer to the complaint as follows:

1.      Defendants have insufficient knowledge to respond to paragraph one (1) of the

complaint therefore Defendants deny this paragraph and demand strict proof thereof.

2.      Defendants admit paragraph two (2).

3.      Defendants admit paragraph three (3).

4.      Defendants admit paragraph four (4).

5.      Defendants admit paragraph five (5) in so much as at the time of the filing of this

complaint Defendant Johnson was employed with the City of Montgomery.

6.      Defendants admit paragraph six (6).

1

## ALLEDGED FACTS

7.     Defendants have insufficient knowledge to respond to paragraph seven (7) of the complaint therefore Defendants deny this paragraph and demand strict proof thereof.

8.     Defendants have insufficient knowledge to respond to paragraph eight (8) of the complaint therefore Defendants deny this paragraph and demand strict proof thereof.

9.     Defendants have insufficient knowledge to respond to paragraph nine (9) of the complaint therefore Defendants deny this paragraph and demand strict proof thereof.

10.     Defendants have insufficient knowledge to respond to paragraph ten (10) of the complaint therefore Defendants deny this paragraph and demand strict proof thereof.

11.     Defendants have insufficient knowledge to respond to paragraph eleven (11) of the complaint therefore Defendants deny this paragraph and demand strict proof thereof.

12.     Defendants have insufficient knowledge to respond to paragraph twelve (12) of the complaint therefore Defendants deny this paragraph and demand strict proof thereof.

13.     Defendants admit paragraph thirteen (13).

14.     Defendants admit paragraph fourteen (14).

15.     Defendants admit paragraph fifteen (15).

16.     Defendants admit paragraph sixteen (16).

17.     Defendants admit paragraph seventeen (17).

18.     Defendants admit paragraph eighteen (18).

19.     Defendants have insufficient knowledge to respond to paragraph nineteen (19) of the complaint therefore Defendants deny this paragraph and demand strict proof thereof.

## JURISDICTION

20.     Defendants agree that the District Court for the Middle District of Alabama has

2

jurisdiction of this action.

## COUNT I

21.     Defendants incorporate paragraphs 1-20 of this answer.

22.     Defendants deny the allegation contained in paragraph twenty two (22) and demand strict proof thereof.

23.     Defendants deny the allegations contained in paragraph twenty three (23) and demand strict proof thereof.

24.     Defendants deny the allegations contained in paragraph twenty four (24) and demand strict proof thereof.

## COUNT II

25.     Defendants incorporate paragraphs 1-24 of this answer.

26.     Defendants deny the allegations contained in paragraph twenty six (26) and demand strict proof thereof.

27.     Defendants deny the allegations contained in paragraph twenty seven (27) and demand strict proof thereof.

## COUNT III

28.     Defendants incorporate paragraphs 1-27 of this answer.

29.     Defendants deny the allegations contained in paragraph twenty nine (29) and demand strict proof thereof.

30.     Defendants deny the allegations contained in paragraph thirty (30) and demand strict proof thereof.

## COUNT IV

31.  Defendants incorporate paragraphs 1-30 of this answer.

32.  Defendants deny the allegations contained in paragraph Thirty two (32) and demand strict proof thereof.

33.  Defendants deny the allegations contained in paragraph Thirty three (33) and demand strict proof thereof.

## COUNT V

34.  Defendants incorporate paragraphs 1-33 of this answer.

35.  Defendants deny the allegations contained in paragraph Thirty five (35) and demand strict proof thereof.

36.  Defendants deny the allegations contained in paragraph Thirty six (36) and demand strict proof thereof.

37.  Defendants deny the allegations contained in paragraph Thirty seven (37) and demand strict proof thereof.

38.  Defendants deny the allegations contained in paragraph Thirty eight (38) and demand strict proof thereof.

39.  Defendants deny the allegations contained in paragraph Thirty nine (39) and demand strict proof thereof.

## COUNT VI

40.  Defendants incorporate paragraphs 1-39 of this answer.

41.  Defendants deny the allegations contained in paragraph forty one (41) and demand strict proof thereof.

42.  Defendants deny the allegations contained in paragraph forty two (42) and

4

demand strict proof thereof.

43.     Defendants deny the allegations contained in paragraph forty three (43) and demand strict proof thereof.

44.     Defendants deny the allegations contained in paragraph forty four (44) and demand strict proof thereof.

## COUNT VII

45.     Defendants incorporate paragraphs 1-44 of this answer.

46.     Defendants deny the allegations contained in paragraph forty six (46) and demand strict proof thereof.

47.     Defendants deny the allegations contained in paragraph forty seven (47) and demand strict proof thereof.

48.     Defendants deny the allegations contained in paragraph forty eight (48) and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant pleads the general issue.  Defendants generally deny all material allegations of the Amended Complaint and deny that Plaintiffs are entitled to any relief.

### SECOND AFFIRMATIVE DEFENSE

Defendant avers that Plaintiffs' Complaint and each count and cause thereof fails to state a cause of action against Defendant upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Defendant avers that there is no evidence of a policy or practice adopted which violated

5

Plaintiffs' constitutional rights nor do Defendants have a policy or custom which is unconstitutional.

## FOURTH AFFIRMATIVE DEFENSE

Defendant avers that Plaintiffs' intentional tort claims against the City of Montgomery must be dismissed because the City cannot be liable for the alleged intentional torts of its employees and representatives. Ala. Code §11-47-190 (1975); *Cremeens v. City of Montgomery*, 779 So.2d 1190, 1201 (Ala. 2000)("A municipality -cannot be held liable for the intentional torts of its employees").

## FIFTH AFFIRMATIVE DEFENSE

Non Claim Statute- Plaintiffs failed to notify Defendants City of Montgomery within the statutory six months pursuant to *ALA. Code § 11-47-192*

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims pursuant to a respondeat superior theory are due to be dismissed. A municipality is liable only for its own wrongs and cannot be liable under the theory of respondeat superior. *Monell v. Department of Social Services of New York City*, 436 U.S. 658, 694 (1978).

## SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads qualified immunity and discretionary function immunity pursuant to *ALA. Code* §6-5-338(a) – (b) (1975).

## EIGHTH AFFIRMATIVE DEFENSE

Defendant pleads state actor immunity pursuant to the Eleventh Amendment of the Constitution of the United States and Article I § 14, Constitution of Alabama (1901), sovereign and/or substantive immunity.

6

### NINTH AFFIRMATIVE DEFENSE

Defendant pleads that its actions or practices did not cause a violation of Plaintiffs' constitutional rights.

### TENTH AFFIRMATIVE DEFENSE

Defendants plead Alabama's statutory cap on damages. *ALA. Code §§* 11-47-190 and 11-93-2. (1975).

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant pleads immunity from punitive damages.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant pleads insufficiency of process and insufficiency of process of service.

### RESERVATION OF RIGHTS

Defendant reserves the right to amend these affirmative defenses as allowed by the Court.


## MOTION TO DISMISS MAYOR BOBBY BRIGHT, DORY BRUNSON, TIM HEAD and PHILLIP JOHNSON IN THIER OFFICIAL CAPACITY WITH THE CITY OF MONTGOMERY

COMES NOW Defendants Mayor Bobby Bright, Dory Brunson, Tim Head and Phillip Johnson by and through the under signed counsel and hereby respectfully request this Honorable Court to dismiss this action pending against them in their official capacity and as grounds therefore would represent to the Court:

1. The Plaintiff in the above-styled action has named the City of Montgomery as well as Bobby Bright, Dory Brunson, Tim Head and Phillip Johnson in their official capacity as employees of the City of Montgomery as a defendants in this matter.

2. Defendants would show that case law is clear that lawsuits against any member of a

state agency as well as a lawsuit against the agency is redundant.

It is well established that "suits against an official in his or her official capacity are suits against the entity the individual represents." *Parker v. Williams*, 862 F.2d 1471, 1476 n. 4 (11th Cir.1989); *see also Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 n. 55, 98 S.Ct. 2018, 2036 n. 55, 56 L.Ed.2d 611 (1978) (indicating that "official-capacity suits generally represent only another way of pleading action against an entity of which an officer is an agent"); *Welch v. Laney*, 57 F.3d 1004, 1007 (11th Cir.1995); *Farred v. Hicks*, 915 F.2d 1530, 1532 (11th Cir.1990). The Supreme Court of the United States has expressly extended this principle to municipalities and their officers, noting that "there is no longer a need to bring official capacity suits against local government officials [since] local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985).

Wherefore Premises considered, Defendant Bobby Bright, Defendant Dory Brunson, Defendant Tim Head and Defendant Phillip Johnson would pray that this Honorable Court would dismiss the action against them in their official capacity or in the alternative hold a hearing on the merits.

## DEFENDANT CITY OF MONTGOMERY'S COUNTERCLAIM

COMES NOW the Defendant in the above styled action and hereby files its Counterclaim pursuant to *Rule 13 (a) F.R.C.P.*:

## STATEMENT OF THE PARTIES

1.      The Counter Plaintiff, City of Montgomery, is a municipal corporation existing in Montgomery County, Alabama.

8

2.      The Counter Defendant Mark Fredrick is a resident of Rancho Santa Fe, California.

3.      The property that is in dispute is in Montgomery County, Alabama.

## COUNT I
### (Alabama Lawsuit Accountability Act)

4.      Counter Plaintiffs re-alledge paragraphs 1-3.

5.      Counter Plaintiffs seek relief from the Court under the Alabama Lawsuit Accountability Act.

6.      The Plaintiffs in their Complaint ask for a claim that is without substantial justification, and in defending said claim Counter Plaintiffs (The City of Montgomery) has incurred a certain expense to defend said claim.

7.      The Plaintiff/Counter Defendant, Mark Fredrick, filed the above styled lawsuit without standing to do so. Attorney for the Plaintiff/Counter Defendant was notified by counsel for Defendant/Counter Plaintiff that Plaintiff/Counter Defendant was not the owner of the property at the time of demolition.

8.      The Plaintiff/Counter Defendant is claiming that Defendants/Counter Plaintiffs: A. trespassed upon his property causing damages, B. Converted the property, C. suffered emotion distress, D. Negligently trained its employees in carrying out the demolitions, E. Conspired to deprive the Plaintiff his property rights and F. Deprived Plaintiff of his constitutionally guaranteed rights.

9.      The Claim of the Plaintiff/Counter Defendant is groundless in law as well as in fact in so much as the Plaintiff/Counter Defendant was not the property owner at the time of demolition. The Mortgage company which held the mortgage note,

Eva Bank, was the owner by virtue of foreclosure and purchase of the property on the Courthouse steps.

      10.     Defendants/Counter Plaintiff was contacted by and contracted with Eva Bank, the proper owner of the property, to demolish the buildings.

      11.     The Counter Defendant is attempting to assert a claim for which his only interest in the property was one of redemption of which Defendant/Counter Plaintiff has not been informed of that has been exercised.

WHEREFORE due to the filing of this lawsuit which is groundless in fact and groundless in law and where the Defendants have incurred expenses in defending these allegations, Defendant/Counter Plaintiff asks for attorneys fee's in the amount of $25,000.

**WHEREFORE, ABOVE PREMISES CONSIDERED,** the City respectfully moves this Court to dismiss Plaintiff's Complaint or in the alternative hold a hearing on the merits and proceed on Counter Plaintiffs Complaint.

**Respectfully submitted this the 11 day of July, 2007.**

                          /s/ Michael D. Boyle
                          Michael D. Boyle (ASB-1585-E68B)

**OF COUNSEL:**

10

Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama  36101-1111
(334) 241-2050
(334) 241-2310 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have mailed a copy of the above and foregoing to the attorneys

listed below by hand delivery or by placing a copy of same in the United States Mail, postage

prepaid, this 11 day of July, 2007:

> Norman Hurst, Jr.
> 462-A Sayre Street
> Montgomery, Alabama  36104

> /s/ Michael D. Boyle
> Of Counsel