IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| MARK FREDERICK | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| VS. | )   2:07-cv-00602-WHA-TFM |
| | ) |
| CITY OF MONTGOMERY, MAYOR | ) |
| BOBBY BRIGHT, DORY BRUNSON, | ) |
| TIM HEAD, and PHILLIP JOHNSON, | ) |
| Individually and in official capacity | ) |
| | ) |
| DEFENDANTS. | ) |

**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE WHY MOTION FOR RECONSIDERATION SHOULD NOT BE GRANTED**

**COME NOW** the Defendants, by and through counsel, and move this Honorable Court to deny Plaintiff's Motion to Reconsider Courts Extended Scheduling Order and uphold this Courts prior Order extending the dispositive motion deadline (Doc. #14) and Order extending the discovery deadlines (Doc. #15). In support of said response, Defendants state unto the Court the following:

1. Prior to filing the Joint Motion to Extend the Dispositive Motion Deadline, Defendants' Counsel called Counsel for Plaintiff and asked if he had any objection to him filing a motion for an extension of the dispositive motion deadline.

2. In this conversation Plaintiff's Counsel advised he would like all deadlines moved back to include the trial date.

3. After further discussion, of what was perceived to be the disfavoring of blanket continuances by the Courts; Defendants' Counsel believed an agreement had been reached by both sides. It was the understanding of Defendants' Counsel that a motion would be filed to ask for the scheduling deadlines to be extended excluding

      the trial date. Defendants' Counsel advised that he would file the motion and a copy would be sent to Plaintiff's Counsel.

4. Defendants' Counsel also inquired about the upcoming settlement deadline scheduled for April 24, 2008 (two days after this discussion). Plaintiff's Counsel advised that he would have to contact his client and find out what he was looking for in terms of settlement.

5. A week transpired prior to the filing of the Motion to Reconsider (Doc. #17), and Defendants' Counsel has reset all dates and times per the modified Scheduling Order (Doc. # 15).

6. Counselors for both parties, should the modified order be revoked, are presently in violation of this Courts previous scheduling Order as no face to face settlement conference has been conducted.

7. Defendants' Counsel admitted, in his original filing for an extension of time (Doc. 14), that the date was calendared improperly by his own mistake, which again was not opposed by Plaintiff's Counsel.

8. Defendants' Counsel prays this Court, should the modified Scheduling Order be reconsidered, modify the Order to allow all pending deadlines to be met by both sides as to avoid any future need for filings of modification or extension.

**WHEREFORE, ABOVE PREMISES CONSIDERED,** counsel for Defendants' respectfully requests that this Court hold in place the modified Scheduling Order entered by this Court, or should the Court deem it proper to reconsider the present Scheduling Order allow time for all deadlines to be met outside of the original request for extension filed by this Counsel. (Doc. # 14)

      Submitted this the 2nd day of May, 2008.

/s/ Michael D. Boyle
Michael D. Boyle (ASB-1585-E68B)

**OF COUNSEL:**
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama 36101-1111
(334) 241-2050
(334) 241-2310 (fax)

CERTIFICATE OF SERVICE

I hereby certify that foregoing has been served upon the following by e-filing and first class United States Mail on this 2nd day of May, 2008:

Norman Hurst, III
Attorney at Law
617 Martha Street
Montgomery, Alabama 36104
Phone: (334) 269-6449
Fax:    (334) 263-0491

/s/Michael Boyle
Michael Boyle (ASB-1585-E68B)
Attorney for the Defendants