IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| MARK FREDERICK, | ) |
| Plaintiff, | ) ) ) |
| VS. | ) 2:07-cv-00602-WHA-TFM ) |
| CITY OF MONTGOMERY, MAYOR BOBBY BRIGHT, DORY BRUNSON, TIM HEAD, and PHILLIP JOHNSON, Individually and in official capacity, | ) ) ) ) ) |
| Defendants. | ) ) ) |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, City of Montgomery; Bobby Bright, Mayor; Tim Head, City Councilman; Dory Brunson, Housing Codes Department Head; and Phillip Johnson, Inspector, pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, by and through the undersigned attorney, move the Court for summary judgment as the facts and law of this case show that there is no genuine issue as to any material fact and that as moving party it is entitled to judgment as a matter of law. In support of the Motion for Summary Judgment, Defendants rely on the Pleadings and Plaintiff's Answers and Responses to Discovery and Defendants' Memorandum of Law in Support of Summary Judgment with the following evidentiary submissions attached thereto:

*DX 1, Affidavit of Dorian Brunson*

*DX 2, Certified Copy of Minutes of Montgomery
City Council from September 6, 2005*

      *DX 3, Affidavit of DeWayne Morris*

     *DX 4, Certified Copy of Montgomery Circuit*
         *Court Records*

      *DX 5, Copy of City Ordinance 10-2001*

    Plaintiff filed a seven count complaint listing five counts of torts against all Defendants as well as Counts V and VI, 42 U.S.C. § 1983 and 42 U.S.C. § 1985 violations.

    All named Defendants are entitled to immunity from the tort claims both individually and in their official capacity. All of the actions complained of in the Complaint occurred when these individuals were acting as officials for the City. It is clear from the Complaint that all of the issues presented are for Defendants acting in the best interest of the citizenry of the City of Montgomery. All of the actions of the Defendants alleged in the Complaint were held for naught when the Honorable Charles Price set aside the City Council's Order of Demolition. At that point, the City was required to start the entire demolition process anew. This Order was handed down in September 2006, approximately three months after Plaintiff lost all ownership of the property due to a foreclosure sale. Once Judge Price issued his Order, the City of Montgomery was contracted by the owner (Eva Bank) to demolish the structures located on this property. Thereby this became a contractual relationship between Eva Bank and Defendant City of Montgomery which the Plaintiff was not privy to, or a party thereof. Furthermore, official capacity suits are deemed redundant when the Municipality is a named Defendant as well. Nothing alleged in the Complaint for the tort claims would pierce this immunity afforded to municipal employees, and, thereby, would negate any of the tort claims against them even if in *arguendo* the Plaintiff had any standing to bring this suit.

These Defendants also raise the issues of *Collateral Estoppel and Res Judicata*. All actions asserted in the Complaint list events that occurred prior to the Montgomery Circuit Court Order, which was an appeal from the Montgomery City Council. The dates given in Plaintiff's complaint are all from 2005, which this matter was litigated until 2006. In the Complaint Plaintiff continuously claims that he was not notified of a right to appeal nor was he afforded the opportunity to appeal. Plaintiff is obviously mischaracterizing the facts as he did in fact appeal and won.

As to the Federal Law claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, the Plaintiff has failed to show any of the very elementary root elements to meet the burden of pursuing these suits. This Complaint is based on the demolition of a parcel of property formerly known as Jasmine Gardens Apartments. The crux of Plaintiff's federal law argument is that the property was demolished against Plaintiff's Civil Rights and, further, the Plaintiff was treated differently. The main prong of this type litigation is that a person must be acting under color of state law while depriving the individual of this right. The City of Montgomery was contracted by the owner of the property, Eva Bank, who had foreclosed on the property and wished for the buildings to be demolished. No one acting under color of state law deprived Plaintiff of any right because the property that was demolished was not his at the time of demolition. Furthermore, even when Plaintiff did in fact own the property, he was afforded the same amount of time as all other similarly situated individuals and afforded ample due process to dispute the proposed demolition. As stated above, Plaintiff appealed the decision of the City Council to the Circuit Court, where he won his appeal and the demolition order was set aside. Thereby there was no infringement of Plaintiff's rights as alleged in the Complaint.

Conclusory allegations cannot interpose genuine issues of material fact into the litigation so as to preclude entry of summary judgment. *Fed.Rules Civ.Proc.*Rule 56(c). Defendants' Motion for Summary Judgment is due to be granted.

Submitted this the 15th day of May, 2008.

/s/ Michael D. Boyle
MICHAEL D. BOYLE(BOY032)
Attorney for Defendants

City of Montgomery
Legal Division
P. O. Box 1111
Montgomery, AL 36101-1111
Phone: (334) 241-2050
FAX: (334) 241-2310

## CERTIFICATE OF SERVICE

I hereby certify that foregoing *Memorandum of Law in Support of Defendants' Motion for Summary Judgment* has been served upon the following by electronic filing/notification of the United States District Court Middle District of Alabama on the 15th day of May, 2008, properly addressed to all as follows:

Norman Hurst

/s/ Michael D. Boyle
Of Counsel