IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARK FREDERICK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.  2:07cv602-WHA |
| ) | (WO) |
| CITY OF MONTGOMERY, MAYOR ) | |
| BOBBY BRIGHT, DORY BRUNSON, ) | |
| TIM HEAD, and PHILIP JOHNSON, in ) | |
| their individual capacities, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

This case is before the court on a Motion for Summary Judgment filed by the Defendants on May 15, 2008 (Doc. #20).

The Plaintiff, Mark Frederick ("Frederick"), filed a Complaint in the Circuit Court of Montgomery County, bringing claims of negligent trespass, conversion, intentional infliction of emotional distress, negligent supervision, conspiracy, and violation of federal constitutional rights against the City of Montgomery and the individual defendants in their individual and official capacities.  The Defendants removed the case to this court on the basis of federal question jurisdiction.  No motion to remand was filed.  The Defendants subsequently filed an Answer and Counterclaim under the Alabama Lawsuit Accountability Act.  The Defendants moved to dismiss the individual defendants in their official capacities.  After a hearing on the motion to dismiss, the court dismissed the official capacity claims against the individuals.

For the reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED as to the federal claims and the state law claims remanded.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

### III.  FACTS

The submissions of the parties establish the following facts, taken in a light most favorable to the nonmovant:

Frederick owned property formerly known as Jasmine Garden Apartments.  Defendant Bobby Bright is the Mayor of the City of Montgomery ("the City").  Defendant Dory Brunson ("Brunson") is an employee of the City and is employed as the Director of Inspections. Defendant Philip Johnson ("Johnson") is an employee of the City and is employed as the Housing Code Inspector. Defendant Tim Head is on the City Council.

In May 2005, Frederick was notified by letters sent by Brunson that certain repairs were needed to bring the  Jasmine Garden Apartments property into compliance with the International Property Maintenance Code of the City.  Frederick was then notified by letter and by placard that the property had been declared unsafe and its occupancy had been prohibited by the City.  Housing Codes inspectors re-inspected the property and determined that it had not been brought into compliance.

On August 2, 2005, Johnson sent Frederick a letter stating that the property was not secure and that the nuisance had to be abated within 30 days of the letter.  The Housing Codes Division of the City submitted a resolution to the City Council, which was adopted, and demolition of Jasmine Garden Apartments was ordered.

Frederick filed an appeal to the Montgomery County Circuit Court on September 16, 2005. The parties ultimately entered a Joint Stipulation and Consent for Judgment and the case was dismissed, setting aside the City Council's Order of Demolition.

Frederick defaulted in payment of the mortgage on the property, which resulted in a sale of the property to the highest bidder. The purchaser of the property contracted with the City to demolish the structures located on the property and the structures were demolished.

## IV. DISCUSSION

Frederick brings claims for violations of state law and claims for violation of 42 U.S.C. § 1985(3) and § 1983. The court begins with the claims for violation of federal law.

### Federal Claims

To establish a claim under 42 U.S.C. § 1985(3), a plaintiff must prove (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Trawinski v. United Technologies,* 313 F.3d 1295, 1299 (11th Cir. 2002). To establish the second element of this claim, a plaintiff must show that some "racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' actions . . ." *Park v. City of Atlanta,* 120 F.3d 1157, 1161 (11th Cir. 1997) (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-78 (1993)); *see also Lyes v. City of Rivera Beach, Fla.*, 166 F.3d 1332, 1340 (11th Cir. 1999) (*en banc*). The Supreme Court has rejected the idea that the statute "was intended to reach conspiracies motivated by bias towards others on account of their *economic* views, status,

or activities." *United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott,* 463 U.S. 825, 837 (1983) (emphasis in original).

Frederick has not alleged nor provided any evidence that the actions he has challenged were based on any protected class. Summary judgment is, therefore, due to be granted on the § 1985(3) claim.

Frederick also brings a claim for violation of 42 U.S.C. § 1983. It is well established that section 1983 itself creates no substantive rights, but instead gives a remedy for deprivations of federal rights established elsewhere. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985). Here, Frederick contends that he has suffered a violation of his equal protection rights by state actors. As stated above, Frederick has pointed to no evidence that action was taken by the Defendants on the basis of Frederick's gender or race. There is an avenue by which a plaintiff can assert an equal protection claim without establishing that action under color of state law was taken on the basis of race or gender, however. *See Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) (recognizing that a plaintiff can assert an equal protection claim brought by a "class of one."). Therefore, although Frederick does not clearly indicate an intent to proceed under such a theory, the court will consider whether Frederick has adequately established a violation of equal protection against him as a "class of one." *Olech*, 528 U.S. at 564.

A "class of one" claim involves a plaintiff who "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*; *see also Engquist v. Oregon Dept. Of Agr.*, No. 07-474, 2008 WL 2329768 (U.S. June 9, 2008). A plaintiff must therefore show (1) that the defendants intentionally treated him differently from others who were similarly situated, and (2) that there

was no rational basis for the disparate treatment. *Griffin Industries, Inc. v. Irvin,* 496 F.3d 1189, 1202 (11th Cir. 2007).

Frederick has pointed the court to no evidence to demonstrate that he was treated differently from others who were similarly situated. He states in his brief that the property in question was in worse condition when owned by a previous local owner, but cites no admissible evidence to support this assertion.[1] He also asserts in his brief that the previous local owner of the property had received no demolition notices, but cites the court to no evidence to support this contention. In short, Frederick has not presented evidence that the previous owner, or any other property owner, was similarly situated to him and treated differently. Therefore, the court must conclude that Frederick has failed to create a question of fact as to his § 1983 claim. Summary judgment is, therefore, due to be GRANTED as to both of Frederick's federal claims.

## State Law Claims

The court now turns to the state law claims, beginning with the issue of the court's jurisdiction over those claims. This case was removed to federal court on the basis of federal question jurisdiction over the federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under § 1367. *See* Doc. #1.

Pursuant to 28 U.S.C. § 1367(c)(3), a court may decline to exercise supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction. A

---

[1] The court has reviewed the letter provided by Frederick which he wrote to an attorney, who is not an attorney of record in this case, in which he states that the buildings were in worse condition and repair on the date of purchase. This statement is not in affidavit form, nor is it a declaration under penalty of perjury which meets the requirements of 28 U.S.C. § 1746. Therefore, the court has not considered it. Even if the court had considered this evidence, however, it would not sufficiently establish that the former owner and the Plaintiff were similarly situated.

court may also decline to exercise supplemental jurisdiction over state law claims where a novel or complex issue of state law is raised. *Id.* at § 1367(c)(1). In this case, the court has determined that summary judgment is due to be GRANTED as to all of the federal question claims asserted, effectively dismissing the claims over which the court has original jurisdiction. Therefore, the court is within its discretion to decline to exercise supplemental jurisdiction.

  The court notes that there is no other basis for original jurisdiction from which to exercise supplemental jurisdiction over the state law claims. Even if there is diversity of the parties and the requisite amount is in controversy for the potential exercise of diversity jurisdiction in this case, as stated above, the case was removed on the basis of federal question jurisdiction. In fact, the case could not have been removed on the basis of diversity jurisdiction because the Defendants are alleged to be citizens of Alabama, the state in which the case was filed. *See* 28 U.S.C. § 1441(b). Federal district courts addressing the question appear to be in agreement that district courts are within their discretion to decline to exercise supplemental jurisdiction over state law claims where the federal claims which gave rise to removal have been dismissed, and the defendant could not have removed the case on the basis of diversity jurisdiction. *See Zuurbier v. MedStar Health, Inc.,* 306 F. Supp. 2d 1, 8 (D.D.C. 2004)*; Woolf v. Mary Kay Inc.*, 176 F. Supp. 2d 654, 659-60 (N.D. Tex. 2001); *Trask v. Kasenetz*, 818 F. Supp. 39, 45 (E.D. N.Y. 1993); *Maher v. Moore College of Art and Design*, No. 98 Civ. 2978, 1999 WL 88964 at * 4 n.2(E.D. Pa. Feb. 19, 1999); *Rampersad v. Deutsche Bank Securities, Inc.*, No. 02Civ.7331, 2004 WL 616132 at *9 (S.D. N.Y. March 30, 2004). The reasoning of such decisions is as follows:

> The statutory scheme authorizing federal diversity jurisdiction, under 28 U.S.C. § 1332, and the removal of diversity actions, under 28 U.S.C. § 1441(b),

> permits a plaintiff first to choose the forum in which he or she intends to litigate. It then protects defendants, if citizens of a foreign state, from the feared favoritism of plaintiff's state court by allowing the foreign defendant to remove the case to a federal district court.
> * * *
> No provision of the Judiciary Act compels this court to retain jurisdiction over a case removed by citizens of this state based upon a federal claim that has been dismissed, even where the parties are citizens of different states. The underlying logic of the statutory scheme suggests, to the contrary, that the court should remand the case to the . . . [s]tate court in which plaintiff first chose to bring it. Moreover, that court would have greater familiarity and interest in the issues that remain . . . .
> Therefore, the court declines to exercise jurisdiction over the remaining claims. As a matter of economy, convenience, fairness, and comity the case is remanded to the state court pursuant to 28 U.S.C. § 1447(c). *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

*Trask*, 818 F. Supp. at 44-5; *see also Lindsey v. Dillard's Inc.*, 306 F.3d 596, 600 (8th Cir. 2002) (although diversity jurisdiction existed, diversity jurisdiction was not original or mandatory where the defendants had removed on the basis of federal question jurisdiction).

This court is persuaded by the reasoning of these cases and concludes that because summary judgment is due to be granted as to the federal claims which were the basis for original jurisdiction in this court, pursuant to 28 U.S.C. § 1367 (c)(3), the court will decline to exercise supplemental jurisdiction over the remaining state law claims and counterclaim.[2]

Alternatively, the court finds that this case, where the issues raised by the state law claims and the counterclaim are alleged by the Plaintiff to involve conflicts between local and state laws, and include action by the City after the conclusion by settlement of a state court case, is one in which complex issues of state law have been raised which make it appropriate to

---

[2] No basis for jurisdiction is asserted for the counterclaim, but the claim is brought pursuant to state law and the amount sought is $ 25,000 in attorneys' fees, so there is no independent basis for diversity jurisdiction over the counterclaim.

decline to exercise supplemental jurisdiction over the state law claims and counterclaim.

## V. CONCLUSION

For the reasons discussed, the Motion for Summary Judgment is due to be GRANTED as to the federal claims asserted in this case, and the remaining state law claims and counterclaim are due to be remanded to the state circuit court. A separate Order granting summary judgment as to the federal claims and remanding the remaining state law claims will be entered in accordance with this Memorandum Opinion.

Done this 1st day of July, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE